Vincent A. Lupiano, J.
Respondents move for judgment dismissing the petition for insufficiency. The motion is made pursuant to subdivision (f) of section 7804 of the Civil Practice Law and Rules before answering the petition.
*223 The subject restaurant has been operated by petitioner at its present location prior to and since December 5, 1933. An on-premises beer license was issued to the petitioner in 1946 which remained in effect by renewals until 1949 when an on-premises wine and beer license was granted which remains in force and effect. The order of disapproval of June 3, 1963 refers to petitioner’s current application “ Change in class of license ”. The stated ground for disapproval is as follows:
“ The applied for premises is located on the same street and within 200 feet of a church, said church edifice being used entirely for religious purposes. Disapproval of an application for a new restaurant liquor license is therefore mandatory within the meaning of Section 64 subdivision 7 of the Alcoholic Beverage Control Law.
“NOTE: This determination is based upon said statute which is to the effect that disapproval is mandatory leaving the Authority no discretion in making this determination.”
The church involved has no objection to the change of license and has informed the respondents accordingly.
Subdivision 7 of section 64 of the Alcoholic Beverage Control Law, as amended by chapter 657 of the Laws of 1957, effective April 18, 1957, in part provides: “No retail license for on-premises consumption shall be granted for any premises which shall be on the same street or avenue and within two hundred feet of a building occupied exclusively as a school, church, synagogue or other place of worship; * * * except, however, that no reneival license shall be denied because of such restriction to any premises so located which were maintained as a bona fide hotel, restaurant, catering establishment or club on or prior to December fifth, nineteen hundred thirty-three ” (emphasis supplied).
No authorities are furnished apposite to this fact situation. Respondents point to several other provisions of the article demonstrating differences and distinctions in licenses and premises. Obviously the license holder is restricted by the class of license held (Alcoholic Beverage Control Law, § 81, subd. 2) and any acts in excess of the privilege presently conferred would be actionable and punishable not because the license holder could not have obtained a different license but rather because said holder does not in fact have the kind now being sought.
Subdivision 7 of section 64 does not define the power of the respondents with respect to a particular license but with respect to any license. Thereunder, a restaurant liquor license authorizes not only the sale of liquor for consumption on the premises but in the language of subdivision 4 of section 64 it is deemed *224 to “include a license to sell wine and beer at retail to be consumed under the same terms and conditions without the payment of any additional fee ’
It is not urged that petitioner could not have had such a retail license when a beer license, and later, a wine and beer license were specially sought only and issued to it; but rather that petitioner may not have issued to it now an original retail license since the duty to presently deny it is mandated.
I would disagree with such a conclusion.
Before the amendment, no retail license for on-premises consumption could have been granted under the restrictive church prohibition, except that “No license shall be denied because of such restriction to any premises so located which were maintained as a bona fide * * * restaurant * * * on or prior to December fifth, nineteen hundred thirty-three” (emphasis supplied). A retail license for on-premises consumption included, as already noted, a license to sell all liquors at retail to be consumed upon the premises.
Therefore, certainly, as far back as 1946 petitioner was qualified to receive a retail license if it had applied for same. Instead, it limited itself and sought a beer license only; and then later, in 1949, applied for and obtained a retail wine and beer license.
The amendment in 1957, changing the exception with the words “No renewal shall be denied” when formerly it had been “No [retail] license shall be denied” does not ban a change in class of a license, or step up, which before the amendment was available to the petitioner. Such a change in class of license, it would seem, is implicit in these special circumstances since the amendment was not intended, in my opinion, to exclude this potential change.
The motion for judgment dismissing the petition is denied.